**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50028 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-03101-LAB-1 |
| v. | |
| LUIS BERNAL-VILLARREAL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Luis Bernal-Villarreal appeals from the district court's judgment and

challenges the 78-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bernal-Villarreal contends that the district court erred in denying his request for a minor-role adjustment under U.S.S.G. § 3B1.2. He argues that the district court failed to formulate the proper comparison group and misapplied the Guideline to the facts of this case. We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reflects that the district court identified the correct legal standard and considered the factors listed in the commentary to the minor-role Guideline. *See* U.S.S.G. § 3B1.2 cmt. n.3(C). Contrary to Bernal-Villarreal's contention, the district court properly identified other likely participants in the scheme and assessed whether Bernal-Villarreal was "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Quintero-Leyva*, 823 F.3d 519, 522-23 (9th Cir. 2016). Under the totality of the circumstances, the district court was within its discretion in concluding that Bernal-Villarreal was not entitled to a minor-role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C). Lastly, the record does not support Bernal-Villarreal's suggestion that the district court's approach to the minor-role analysis categorically precludes all drug couriers from receiving a minor-role adjustment.

**AFFIRMED.**